IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>c/o Department of Justice<br>Washington, D.C. 20530,<br>                    Plaintiff,<br><br>        v.<br><br>SCOTT R. SACANE<br>20 Marshall Street<br>Suite 320<br>South Norwalk, CT 06854,<br>                    Defendant. | Civil Action No. 05-1897 (PLF)<br><br>**FILED**<br><br>SEP 2 9 2005<br><br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

## FINAL JUDGMENT

Plaintiff, the United States of America, having commenced this action by filing its Complaint herein for violation of Section 7A of the Clayton Act, 15 U.S.C. § 18a, commonly known as the Hart-Scott-Rodino Antitrust Improvements Act of 1976 ("HSR Act"), and Plaintiff and Defendant, Scott R. Sacane, by their respective attorneys, having consented to the entry of this Final Judgment without trial or adjudication of any issue of fact or law herein, and without this Final Judgment constituting any evidence against or an admission by the Defendant with respect to any such issue:

Now, therefore, before the taking of any testimony and without trial or adjudication of any issue of fact or law herein, and upon the consent of the parties hereto, it is hereby

Ordered, Adjudged, and Decreed as follows:

### I.

The Court has jurisdiction of the subject matter of this action and of the Plaintiff and the Defendant. The Complaint states a claim upon which relief can be granted against the Defendant under Section 7A of the Clayton Act, 15 U.S.C. § 18a.

### II.

Judgment is hereby entered in this matter in favor of Plaintiff United States of America and against Defendant Scott R. Sacane, and, pursuant to Section 7A(g)(1) of the Clayton Act, 15 U.S.C. § 18a(g)(1), the Debt Collection Improvement Act of 1996, Pub. L. 104-134 § 31001(s) (amending the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461), and Federal Trade Commission Rule 1.98, 16 C.F.R. § 1.98, 61 Fed. Reg. 54549 (Oct. 21, 1996), Defendant Scott R. Sacane is hereby ordered to pay a civil penalty in the amount of three hundred and fifty thousand dollars ($350,000). Payment shall be made by wire transfer or cashier's check. If the payment is made by wire transfer, Defendant shall contact Janie Ingalls of the Antitrust Division's Antitrust Documents Group at (202) 514-2481 for instructions before making the transfer. If the payment is made by cashier's check, the check shall be made payable to the United States Department of Justice and delivered to:

> Janie Ingalls
> United States Department of Justice
> Antitrust Division, Antitrust Documents Group
> 325 7th Street, NW

2

Suite 215 North
Washington, D.C. 20530.

Defendant shall pay the full amount of the civil penalties within thirty (30) days of entry of this Final Judgment. In the event of a default in payment, interest at the rate of eighteen (18) percent per annum shall accrue thereon from the date of default to the date of payment.

### III.

Each party shall bear its own costs of this action.

### IV.

Entry of this Final Judgment is in the public interest.

Dated: Sept 29, 2005.

_____
United States District Judge

3